

FILED

4/27/2021
Clerk, U.S. District & Bankruptcy
Court for the District of Columbia

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CHARLES AWUSIN INKO-TARIAH,  )
　　　　　　　　　　　　　　　　　)
　　　　　　Plaintiff,　　　　　　　)
　　　　　　　　　　　　　　　　　)
　　v.　　　　　　　　　　　　　　　)　　　Civil Action No.  1:21-cv-00815 (UNA)
　　　　　　　　　　　　　　　　　)
　　　　　　　　　　　　　　　　　)
WASHINGTON POST, *et al*.,　　　　)
　　　　　　　　　　　　　　　　　)
　　　　　　Defendants.　　　　　　)

## <u>MEMORANDUM OPINION</u>

This matter is before the court on plaintiff's *pro se* complaint and application for leave to proceed *in forma pauperis* ("IFP").  The court will grant plaintiff's IFP application and dismiss the complaint for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).  Plaintiff has also filed a motion for appointment of counsel which will be denied as moot.

Plaintiff, a resident of the District of Columbia, sues the Washington Post and two psychiatrists affiliated with the Federal Medical Center located in Butner, North Carolina ("FMC Butner).  He alleges that, while he was incarcerated at FMC Butner, the psychiatrists intentionally defamed him by authoring false "forensic evaluation reports" regarding his mental health, which were then presented to his sentencing court.  He also alleges that the Washington Post published, and disseminated both nationwide and worldwide, defamatory articles about him throughout August 1988, in which defendant attributed fabricated details regarding a "subway fire" and plaintiff's alleged involvement.  As a result of the actions, plaintiff contends that he has suffered a loss in reputation and that the "American public" was incited against him.  He demands $1.5 billion in damages from the Washington Post and $10 million from each of the FMC Butner psychiatrists.

The subject matter jurisdiction of the federal district courts is limited and is set forth generally at 28 U.S.C. §§ 1331 and 1332.  Under those statutes, federal jurisdiction is available only when a "federal question" is presented or the parties are of diverse citizenship and the amount in controversy exceeds $75,000.  "For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant." *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) (citing *Owen Equip. & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  A party seeking relief in the district court must at least plead facts that bring the suit within the court's jurisdiction.  *See* Fed. R. Civ. P. 8(a).  Failure to plead such facts warrants dismissal of the action.  *See* Fed. R. Civ. P. 12(h)(3).

It is a "well-established rule" that the diverse citizenship requirement be "assessed at the time the suit is filed."  *Freeport-McMoRan, Inc. v. K N Energy, Inc.*, 498 U.S. 426, 428 (1991); *see also Morton v. Claytor*, 946 F.2d 1565 (D.C. Cir. 1991) (Table) ("Complete diversity of citizenship is required in order for jurisdiction to lie under 28 U.S.C. § 1332."); *Bush v. Butler*, 521 F. Supp. 2d 63, 71 (D.D.C. 2007) ("For jurisdiction to exist under 28 U.S.C. § 1332, there must be complete diversity between the parties, which is to say that the plaintiff may not be a citizen of the same state as any defendant.").

Here, the complaint is one for defamation, which is a common law tort,[1] and thus fails to present any federal question under 28 U.S.C. § 1331.  Plaintiff has equally failed to establish diversity of citizenship.  As indicated, plaintiff resides in the District, and he sues the Washington

---

[1]	To the extent that plaintiff attempts to sue the FMC Butner psychiatrists under the Federal Tort Claims Act ("FTCA"), he may not do so.  "Claims that fall under one of the exceptions to the FTCA must be dismissed for lack of subject matter jurisdiction. . . Under one such exception, the FTCA exempts from its waiver of sovereign immunity any claim 'arising out of' libel or slander.' " *Edmonds v. United States*, 436 F. Supp. 2d 28, 35 (D.D.C. 2006) (citing *Sloan v. Dep't of Housing and Urban Dev.*, 236 F.3d 756, 759 (D.C. Cir. 2001) and 28 U.S.C. §§ 1346(b), 2680(h)).

Post, which is also located in the District, thus defeating complete diversity. *See* 28 U.S.C. § 1332(c) (explaining that a corporation "shall be deemed a citizen of every State . . . by which it has been incorporated and of the State . . . where it has its principal place of business.").

Consequently, this case will be dismissed without prejudice.  A separate order accompanies this memorandum opinion.

Date:  April 27, 2021

_____/s/_____
TIMOTHY J. KELLY
United States District Judge